Original - Court  2nd Copy - Plaintiff
1st Copy- Defendant  3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>24-014633-NO<br>Hon. Sheila A. Gibson |
|---|---|---|

Court telephone no.: 313-224-5207

| Plaintiff's name(s), address(es), and telephone no(s)<br>Alposirij, marwa Hasham | v | Defendant's name(s), address(es), and telephone no(s).<br>Mulushi, Jacob |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Frank G. Becker 25502<br>18501 W 10 Mile Rd<br>Southfield, MI 48075-2663 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

| Summons section completed by court clerk. | **SUMMONS** |
|---|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>10/4/2024 | Expiration date*<br>1/3/2025 | Court clerk<br>Carla Keefe |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)　　　**SUMMONS**　　　MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**Marwa Hasham Alposirij**
    *Plaintiff,*

vs.
              Case #:    NO
              HON.

**Canton Township, and Police
Officer Jacob Malushi**
  *Defendants.*
_____/

**Frank G. Becker (P25502)**
Attorney for Plaintiff
18501 West Ten Mile Road
Southfield, MI  48075-2663
248-789-2437
frankgbecker@yahoo.com
_____/

  There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT AND JURY DEMAND

NOW COMES the above-named Plaintiff, **Marwa Hasham Alposirij** by and through counsel, Frank G. Becker, and complains against the Defendants as follows:

1. Plaintiff, **Marwa Hasham Alposirij,** is a citizen of the United States of America and a resident of the City of Taylor, County of Wayne and State of

Michigan.

2) Defendant, **Police Officer Jacob Malushi**, was, at all times material hereto, a duly appointed, employed and acting Canton Township Police Officer operating in Canton Township, County of Wayne and State of Michigan. The allegations are brought against this Defendant in his individual capacity. At all times relevant hereto, the Defendant, **Police Officer Jacob Malushi**, was acting under color of law and pursuant to his badge of authority granted to him by the Canton Township. **Police Officer Jacob Malushi** also had supervisory, policy making, training responsibilities and decision-making authority and was emboldened by the lack of oversight from the Defendant, Canton Township and its Police Department.

3) The Defendant, **Canton Township**, is a Michigan legally established Township governmental entity that was created and organized as a governmental unit pursuant to the laws of the State of Michigan and existing subject to the laws of the State of Michigan and as further governed by the laws and Constitution of the United States of America, which are the supreme law of the land pursuant to the Supremacy Clause. Defendant Canton Township, through the executive policies put in place had policy making authority, direct supervisory control and training responsibility as to the day-to-day functioning of its Police Officers especially as to the investigation and bringing charges against United States Citizens who are arrested and prosecuted for doing nothing wrong and who are

absolutely innocent of the crime for which they are arrested.

4. This is a case of mistaken identity wherein the Plaintiff, Marwa Hasham Alposirij, was unreasonably arrested and prosecuted as a result of unreasonable searches and seizures and denial of due process and the prosecution was continued despite knowledge that Plaintiff did not commit the crime and the Defendants have still to this date removed the arrest and prosecution records from the court so Plaintiff was stopped and prevented from visiting her fiancé who living in Canada, including in February of 2024   The actions of **Police Officer Jacob Malushi** were ratified by Canton Township as he has suffered no discipline for his conduct herein nor was Defendant Malushi given any oversight and supervisory control for his actions herein by Defendant, Canton Township.

## II.  Jurisdictional and Venue Allegations

5)      The Parties hereto are all located in Wayne County Michigan and this cause of action arose in Canton Township, County of Wayne and State of Michigan and the amount in controversy exceeds $25,000.00.

6)      This action arises and is brought, in significant part, under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and particularly *Title 42* **of the** *United States Code, Section 1983* (*42 USC § 1983*) This Court has jurisdiction

3

of this cause of action by virtue of the Supremacy Clause of the United States Constitution. *Art. VI, § 2*

### III. Factual Allegations

7) In early July of 2021, Plaintiff's Brother-in-Law and Sister registered as Hotel Guests with their correct names and without disguises at a Super 8 Hotel located on S. Lotz Street in Canton Township, Michigan. Their stay was uneventful until at checkout when the Hotel Desk Clerk advised Plaintiff's Sister that the security deposit of $200.00 and $33.00 in cash was being withheld from her and her husband because of alleged disarray of their Hotel Room, which had not been attended to by the Hotel during their stay. An argument ensued between the Plaintiff's Sister and the Super 8 desk clerk, who was behind security glass and Plaintiff's Sister then committed a misdemeanor assault and battery in alleged violation of a Canton Township ordinance.

8) Plaintiff's Sister then left without the return of her security deposit in a vehicle owned and registered to the Plaintiff and allowed to be driven by her sister by Plaintiff. The Super 8 Hotel clerk followed Plaintiff's Sister into the Parking lot and took a photo of Plaintiff's car and its attached license Plate.

9) From this evidence and only this evidence, Defendant Police Officer Jacob Malushi, without obtaining a search warrant, obtaining and reviewing complete surveillance video, which was present or contacting any witnesses including the

hotel guests, obtained Plaintiff's Driver's License Photo from the Michigan Secretary of State and then conducting an on the scene photo identification with only one driver's license such a identification has been already determined to be overly suggestive to a crime victim so as to be per se unconstitutional.

10) Despite the fact that there was no basis, in fact or law to issue an arrest warrant and to pursue a criminal case against Plaintiff, a case was presented and the Plaintiff was charged on or about July 10, 2021. On or about September 8, 2021, the Plaintiff was arrested and booked on the charges and the case was eventually dismissed before a scheduled Probable Conference by Motion of the prosecutor on October 4, 2024.

11) Plaintiff was terrorized by the arrest, the unreasonable search of her Driver's License and the continuation of the prosecution although the Defendant's at the time of her arrest were aware of the correct Defendant based on Super 8 Hotel Records. The Plaintiff's Sister has only a slight resemblance to the Plaintiff and there is 4 yrs difference in age. Moreover, because of frequent visits across the border to Canada, Plaintiff has been forcibly detained on one occasion and placed in dread every time she crosses the U.S. Canada border.

COUNT I

**(42 USC§1983 Claim, Illegal Search and Seizure, Prosecution and Continued Prosecution without Probable Cause and Due Process of law)**

12) Plaintiff repeats and re-alleges the previous paragraphs of this Complaint as

5

though fully set forth in this Count.

13) The above-described conduct of the Defendants was clearly unconstitutional, and in violation of the Fourth Amendment. Fifth Amendment and Fourteenth Amendment of the U.S Constitution and the Defendants knew or should have known that their conduct would violate the Plaintiffs' rights based on well-established legal precedent including ***Katz v. United States***, *389 U.S. 347, 357 (1967)* and numerous cases that are included in standard Police Officer training as to arrests and identification procedures.

14) As a direct and proximate result of the deprivation of constitutional rights as described above, the Plaintiff suffered injuries and damages as specifically stated below.

## COUNT II
### (Gross Negligence as to Defendant, Police Officer Jacob Malushi)

15) Plaintiff repeats and re-alleges the previous paragraphs of this Complaint as though fully set forth in this Count.

16) The actions of the Defendant, **Police Officer Jacob Malushi**, as detailed above, in disregarding the law and constitution and recklessly arresting and facilitating the misidentification of Plaintiff and in otherwise improperly utilizing his discretion invested in him by executive supervisory position despite his special training and expertise were grossly negligent as defined by Michigan Case Law.

17) The Defendants also failed to correct their mistake and failed to disclose of exculpatory evidence to the Plaintiff including Room registration and video surveillance evidence and allowed the false criminal record to continue to exist and to be used against Plaintiff up to this date

18) The Defendant failed to act consistently with Canton Township regulations and training manuals and with the Constitution laws and ordinances of the Canton Township, County of Wayne and State of Michigan. Defendant, in each of these respects as alleged in the Complaint, deviated below the very minimal standard of care owed to the Plaintiff by Law Enforcement officers and was grossly negligent.

19) As a direct and proximate result of the Defendant's gross negligence, the Plaintiff, **Marwa Hasham Alposirij**, suffered the injuries and damages alluded to in extensive detail in the following paragraphs. This gross negligence of Defendant, as defined by Michigan Law, was **the** proximate cause of the Plaintiff's Injuries.

### COUNT III

### Violation of United States Constitutional Rights
### By Canton Township (Canton Towndhip Public Safety Department)

20) The factual allegations, as set forth above, are repeated and incorporated herein and made a part of this Count.

21) The Defendant, **Canton Township (**, has established and displayed customs, policies and practices under their authority and governmental auspices in the County of Wayne, which are in violation of the Fourth Amendment of the United

7

States Constitution as made actionable pursuant to **42 USC § 1983**, as enumerated in this Complaint.

23) *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-92 (1978) establishes the principle that governments and executive policy making governmental officials will be liable for harm caused by its own policies, customs or practices. The failure to provide proper supervision, training, discipline and sanctioning and condoning such conduct by failure to discipline this and other officers in similar circumstances represents a policy for which this Defendant is responsible. This Defendant was so indifferent to training, supervision, discipline and complaint investigations, which was obviously inadequate and thus likely to result in the violation of constitutional rights so that this Defendant and its policy-makers can reasonably be said to have been deliberately indifferent to the needs of the Plaintiff.

24) Defendant, **Canton Township's,** repeated and varied failures to institute 4policies, provide funding, adequately screen, review, monitor as well as the failure to issue appropriately written and communicated policies and procedures for handling instances of abuse of authority proximately caused and contributed to the injuries and damages to the Plaintiff.

25 ) The Defendant, **Canton Township** was deliberately indifferent with respect to training, policies, customs and practices and the lack of concern was so obvious

8

and the inadequacy so blatant that it was likely to result in the violation of the Plaintiff's constitutional rights. This conduct represented official policies of action and inaction of this Defendant, which renders it fully responsible for the conduct herein under the laws and Constitution of the United States and in particular in violation of the Fourth, Fifth and Fourteenth Amendment to the Constitution of the United States as made actionable by *42 US § 1983*.

## Damages

26. That the factual allegations as set forth above are incorporated herein and made a part of this Count and this Count is fully applicable and relates to each of the above Counts and each of the Defendants.

27) As a direct and proximate result of the deprivation of Plaintiff's constitutional rights as protected by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, as indicated above, the Plaintiff, **Marwa Hasham Alposirij**, suffered severe and permanent injuries including depression, pain and suffering, headaches, impairment of movement and activities, mental anguish, fright and shock, embarrassment, humiliation, denial of social pleasure and enjoyment, loss of earning capacity and future medical expenses.

*WHEREFORE*, Plaintiff, **Marwa Hasham Alposirij**, demands judgment against the Defendants and each of them, in an amount that is fair and just and in accordance with the evidence produced at trial in an amount in excess of Twenty

Five Thousand ($25,000.00) Dollars including interest and costs and further requests an award of reasonable actual attorney fees pursuant to *42 USC § 1988* and/or *28 U.S.C. §2412 (d)(1)(A)*; and order such other and further relief as this Court deems necessary and proper. Additionally, Plaintiff requests an award of punitive damages against the individual Defendant, pursuant to *42 USC § 1983*, for the willful and malicious behavior displayed herein. Furthermore, an award of interest, costs and statutory attorney fees is requested.

Respectfully Submitted.

/S/Frank G. Becker
Frank G. Becker (P25502)
Attorney for Plaintiff
18501 West Ten Mile Road
Southfield, Michigan 480752663
(248) 789-2437
frankgbecker@yahoo.com

Dated: October 4, 2024